IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ROY EUGENE JONES, JR.,<br>　　　　　Plaintiff<br><br>　　VS.<br><br>NATALIE COON, *et al.*,<br>　　　　　Defendants | NO.  3:08-CV-64 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Before the court is the a motion seeking summary judgment filed by defendants Natalie Coon, Shelby Phillips, and Gary Smith against plaintiff Roy Eugene Jones, Jr.. Tab #21.  On February 11, 2009, the undersigned notified plaintiff Jones that a motion seeking summary judgment had been filed against him and ordered him to file a response thereto within thirty days.  Tabs #23. To date, plaintiff Jones has **failed to respond** to the defendants' motion.  Nevertheless, it is the obligation of the court to ensure that the standards for summary judgment are met.

**SUMMARY JUDGMENT STANDARD**

As was noted in the court's earlier notice to the plaintiff, Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

### DISCUSSION

Plaintiff Jones has failed to respond to defendants' motion seeking summary judgment despite specific direction from the court to do so.  Accordingly, and based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in their motion and supporting documentation.  Furthermore, the court finds that there is no genuine dispute on any issue.

Plaintiff Jones alleges that his constitutional rights were violated while he was in custody at the Franklin County Jail.  Specifically, Jones claims that the defendants subjected him to cruel and unusual punishment by housing him in a cold holding cell without a mattress, blanket, or religious materials.  Plaintiff further alleges that the defendants violated his constitutional rights by forcing him to take what he felt was the wrong medication for treatment of his paranoid schizophrenia condition.

The plaintiff's claims that his constitutional rights were violated by the defendants are not substantiated by the evidence in the record.  The defendants have submitted a brief, several affidavits, and other evidence in support of their motion seeking summary judgment.  These uncontested documents show that the plaintiff's constitutional rights were not violated by the defendants. Therefore, no deprivation of the plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

Accordingly, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED this 9th day of JULY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

3